LUBOMIR DOMBROWSKI, PLAINTIFF-RESPONDENT, v.
JOSEPH OLOWSKI, DEFENDANT-APPELLANT.

Submitted October term, 1925—Decided January 28, 1926.

**Contracts—Agreement to Purchase Business With Provision That
if Purchaser Could Not Secure a Lease From the Owner,
to Refund the Deposit Paid—Judgment for Plaintiff.**

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Kantner & Kantner.*

For the respondent, *William George.*

PER CURIAM.

This suit was brought in the Second District Court of
Jersey City to recover $500, part payment of the purchase
price of $2,000 of a grocery and butcher business at No. 219
North Third street, Harrison, New Jersey. The business
consisting of the stock, outstanding accounts, including ac-
counts receivable and the good-will of the business. The de-
fendant, as part of the consideration, agreed to obtain for the
plaintiff, at defendant's own expense, a lease upon the prem-
ises for the term of three years from September 20th, 1923.
The plaintiff went into possession of the business and con-
tinued to do business therein until the 26th of September,
1923, when the defendant caused the plaintiff to be evicted,
the defendant then took possession of the business, refused to
permit the plaintiff to take possession of the same, although
demands for possession were made from the plaintiff to the
defendant. The case was tried by the court without a jury,
resulting in a judgment for the plaintiff for $500. The de-
fendant appeals and files ten specification of error for a

reversal of the judgment. Six refer to admitting testimony in reference to the ownership of the premises No. 219 North Third street, Harrison. This evidence was harmless to the defendant. Number three, admitting in evidence *Exhibit P1*, a bill of sale of the goods and chattels without calling the subscribing witness thereto. But the state of the case, as sent up with the record, and the court so found, that there was an oral contract to purchase the business, including its accounts and good-will, including an agreement that if the purchaser could not secure a lease from the owner to refund back the deposit paid and sued for. In that aspect of the case the admission of *Exhibit P1*, without proper proof, was harmless. *Campbell* v. *McCrellis*, 73 *N. J. L.* 271. Eight, nine and ten error in overruling motions to nonsuit and to direct a verdict in favor of the defendant and in rendering judgment for the plaintiff. These rulings of the trial court were not reversible error. The judgment of the Second District Court of Jersey City is affirmed.